UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD FREEDLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-00436-JPH-MKK |
| DANIKA MITCHELL, et al., | ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Richard Freedle is an inmate at Vigo County Jail. He filed this civil action seeking to compel government officials to perform a welfare check on his wife. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Freedle's complaint was filed on September 8, 2025. In it, he states that "[f]or over 1 ½ months I have been trying to get officers of Vigo County Sheriff Department to conduct a welfare check on my wife." Dkt. 1 at 1. Specifically, he apparently has asked officers at the Vigo County Jail – Danika Mitchell and Emily Meadows – to arrange for such a check to take place and has been ignored.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. Mr. Freedle's complaint has been filed under 42 U.S.C. § 1983. To state a clam under that statute, there must be a violation of an underlying right secured by the Constitution or laws of the United States. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). It is well-settled that there is no right under the United States Constitution "to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989); see also *Youngberg v. Romeo*, 457 U.S. 307, 317 (1982) ("As a general matter, a State is under no constitutional duty to provide substantive services for those within its border"). The Court

appreciates Mr. Freedle's concern for his wife, but he has not stated an actionable claim under Section 1983.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through December 15, 2025,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 11/18/2025

                                        *James Patrick Hanlon*
                                        James Patrick Hanlon
                                        United States District Judge
                                        Southern District of Indiana

Distribution:

RICHARD FREEDLE
VIGO COUNTY JAIL
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802